```
                                                        FILED
                                                  IN CLERK'S OFFICE
                                             U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT              ★    AUG 2 4 2009    ★
EASTERN DISTRICT OF NEW YORK
                                                  BROOKLYN OFFICE
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 07-CR-725 (JBW) |
| | ) | |
| v. | ) | Statement of Reasons Pursuant to |
| | ) | 18 U.S.C. § 3553(c)(2) |
| | ) | |
| BRIAN DONO, | ) | |
| | ) | |
| Defendant. | ) | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 24, 2008, Brian Dono was found guilty by jury verdict of counts one, two, three, four, five, seven and eight of a nine-count superseding indictment. Count one charged that between September 2005 and September 2007, the defendant, together with others, being persons employed by and associated with the Colombo organized crime family, conducted and participated in the conduct of the affairs of that enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 1963. Within count one, Dono was convicted of racketeering acts one, two(A), three, and four.

Racketeering act one charged that between September 2005 and September 2007, the defendant and others financed, directed, managed, supervised or owned illegal poker games, which operated in violation of New York State Penal Law §§ 225.05 and 20.00, involved five or more participants, and remained in substantially continuous operation for at least thirty days or had a gross revenue of at least $2,000 in any single day, in violation of 18 U.S.C. § 1955. Count three charged the same offense as racketeering act one.

Racketeering act two(A) charged that between September 2005 and September 2007, the defendant and others financed, directed, managed, supervised or owned an illegal bookmaking business, which operated in violation of New York State Penal Law §§ 225.05, 225.10(1) and 20.00, involved five or more participants, and remained in substantially continuous operation for at least thirty days or had a gross revenue of at least $2,000 in any single day, in violation of 18 U.S.C. § 1955. Count four charged the same offense as racketeering act one.

Racketeering act three charged that between December 2006 and May 2007, the defendant and others conspired to extort John Doe #1, #2, or #3 by forcing one or more of them

2

to deliver money or property to the defendants and others by instilling in them a fear of physical injury or property damage, in violation of New York State Penal Law §§ 155.40(2)(a), 155.40(2)(b), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

Racketeering act four charged that between November 2006 and May 2007, the defendant and others conspired to rob a truckload of sporting goods that had moved in interstate commerce, in violation of 18 U.S.C. § 1951(a). Count five charged the same offense as racketeering act four.

Count two charged that between September 2005 and September 2007, the defendant, together with others, being persons employed by and associated with the Colombo organized crime family, conspired to participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963.

Counts seven and eight charged that on September 5, 2007, the defendant and others, for the purpose of gaining entrance to or maintaining or increasing position in the Colombo organized crime family, assaulted with a dangerous weapon John Doe #4 and John Doe #5, in violation of New York State Penal Law §§ 120.05(2) and 20.00, and 18 U.S.C. § 1959(a)(3).

Dono was sentenced on July 10, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-three and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between forty-six and fifty-seven months. Counts one, two, five, seven, and eight carried a maximum term of imprisonment of twenty years each. See 18 U.S.C. §§ 1951(a), 1959(a)(3), and 1963(a).

Counts three and four carried a maximum term of imprisonment of five years on each count. See 18 U.S.C. §§ 1955. The guidelines range of fine was from $10,000 to $100,000. Dono was sentenced to forty-six months imprisonment and three years supervised release. A $700 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

During the sentencing hearing, the parties spent substantial time disputing certain aspects of the presentence investigation report's guidelines calculations. The court made independent findings on the disputed issues with counsels' assistance, resulting in a revision of the guidelines calculations. The court noted that regardless of the application of particular enhancements in the guidelines calculations, its sentence would have been the same. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (affirming and holding error was harmless where court stated it would have imposed same sentence regardless of whether enhancement was applied).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Dono's illegal gambling operations and other criminal activities sustained the mob enterprise. The defendant has served in the army. His family's home, where his two young children reside, is currently facing foreclosure. Dono has strong, supportive family relationships, and expressed at sentencing his desire to achieve successful rehabilitation. A sentence at the bottom of the guidelines range

reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that crimes committed for the benefit of a dangerous criminal enterprise will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment.

Jack B. Weinstein
Senior United States District Judge

Dated: August 3, 2009
Brooklyn, New York